UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
RAHEEM RASHEED ABUBARDAR,              )
                                                    )
        Petitioner,                              )
                                                    )
v.                                                 )        Civil No. 12-11163-JLT
                                                    )
GARY RODEN,                                   )
                                                    )
        Respondent.                           )
_____)

REPORT AND RECOMMENDATION ON
PETITION FOR WRIT OF HABEAS CORPUS

February 21, 2013

SOROKIN, C.M.J.

        Petitioner Raheem Rasheed Abubardar has filed a pro se petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.[1]  Doc. No. 1.  The respondent has moved to dismiss the

petition.  Doc. No. 10.  Because the petition is untimely under § 2244(d), I recommend that the

respondent's motion be allowed and that the petition be dismissed with prejudice.

I.      BACKGROUND

        On January 26, 1990, following a jury trial in the Plymouth County Superior Court,

Abubardar was convicted of armed burglary.[2]  Doc. No. 10-1 at 4.  He was sentenced to twelve-

to-twenty years in state prison.  Id.  Abubardar timely appealed, id., and the Massachusetts

---

[1]Although Abubardar originally styled his petition as one brought pursuant to 28 U.S.C. §
2241, the Court previously determined it is properly construed as a petition under § 2254.  See
Electronic Order dated July 10, 2012 (Tauro, J.).

[2]Abubardar was tried under the name Joseph N. Jones, Jr.  Doc. No. 10-1 at 2.  He was
acquitted of larceny of motor vehicle and receiving stolen property.  Id. at 8-13.

Appeals Court affirmed his conviction on January 26, 1993, Doc. No. 10-2 at 2.  The Supreme

Judicial Court denied review on March 29, 1993.  Doc. No. 10-3 at 2.

In 1995, Abubardar sought, and was granted, an order from the Superior Court requiring

his trial counsel "to relinquish documents."  Doc. No. 10-1 at 5.  In late 1996, Abubardar sought,

and was promptly denied, a "show cause hearing."  Id.  The next event reflected on the state

court's docket is a 2010 motion for a bill of particulars, which was denied as moot.  Id.

On September 8, 2011, Abubardar filed a pro se motion seeking a new trial and an

evidentiary hearing in state court.  Id. at 6.  That motion was denied on January 3, 2012.  Id.

Abubardar's appeal remains pending.  See Appeals Court Case Docket, Commonwealth v. Jones,

No. 2012-P-0476 (Mass. App. Ct.) (showing appellee's brief due March 11, 2013).  In his state

proceedings, Abubardar alleged his indictment was defective, and that the defective indictment

was constructively amended "to include two uncharged crimes in order to obtain a conviction

upon the defective indictment."  Doc. No. 1 at 4.

Abubardar signed his federal habeas petition and had it notarized on May 23, 2012.  Id. at

10.  In it, he asserts the same two claims presented in his pending state post-conviction

proceedings.  Id. at 7-8.  He also alleges a Sixth Amendment violation based on ambiguity he

perceives in the trial record regarding the jury's verdict, as well as ineffective assistance of trial

and appellate counsel.  Id. at 8-9.  Two weeks after Abubardar completed his federal petition, his

sentence expired and he was released from custody.  Doc. No. 10-5.  His habeas petition was

docketed with this Court on June 28, 2012.[3]

---

[3]Although Abubardar did not specify the date on which he placed his petition in the
prison mail, see Doc. No. 1 at 10 (stating he mailed it "on May   th, 2012"), it appears likely he
mailed it between May 23, 2012 (when he signed and had it notarized) and June 6, 2012 (when

On September 13, 2012, the respondent moved to dismiss the petition on two grounds: 1) Abubardar was not "in custody" for purposes of 28 U.S.C. §§ 2241(c) and 2254(b); and 2) Abubardar filed his petition after the applicable one-year limitation period had expired. <u>See generally</u> Doc. No. 11.  On October 23, 2012, Abubardar notified the court of his post-release address and sought a sixty-day extension of time to file his response to the respondent's motion. Doc. Nos. 13, 15.  The Court did not rule on his extension request at that time, and Abubardar filed no response within the next sixty days.

The matter was referred to the undersigned for a report and recommendation on January 22, 2013.  Doc. No. 17.  The following day, the Court ordered Abubardar to respond to the motion to dismiss by February 15, 2013.  Doc. No. 18.  That order was mailed to Abubardar at the address he provided to the court following his release from custody, but it was returned as undeliverable.  <u>See</u> Doc. No. 19 (showing the envelope bore the following stamp: "Return to Sender; Attempted; Not Known; Unable to Forward").  To date, Abubardar has not responded to the motion to dismiss, nor has he provided a new address to the Court.[4]  Indeed, Abubardar has made no submissions since October 2012.

II.   DISCUSSION

Abubardar's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to AEDPA, a habeas petition filed "by a person in custody pursuant to the judgment of a State court" is governed by "[a] 1-year period of limitation," running "from

he was released from custody), particularly since Abubardar lists MCI-Norfolk as his address in various places throughout his petition.

[4]Abubardar's failure to provide the Court with his current mailing address violates Local Rule 83.5.2(e).

the latest of":

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. § 2244(d)(2).  For petitioners with "causes of action accruing before the [April 24, 1996] effective date of AEDPA," a one-year "grace period" applied and, absent tolling, the limitation period for filing a federal habeas petition expired on April 24, 1997.  Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

Abubardar's conviction became final on June 27, 1993, ninety days after the Supreme Judicial Court denied review of his direct appeal, when his time for seeking certiorari in the United States Supreme Court expired.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Sup. Ct. R. 13(1).  As such, Abubardar was required to seek federal habeas review within the one-year grace period following AEDPA's effective date, or by April 24, 1997.  Gaskins, 183 F.3d at 9.  He failed to do so.  His petition, therefore, is untimely unless the record establishes the

limitation period was somehow tolled through at least May 23, 2012.[5]

There is no basis for finding that Abubardar's limitation period was subject to statutory tolling under § 2244(d)(2).  The state-court docket reveals that no "properly filed application for State post-conviction or other collateral review" was filed during the one-year grace period.[6] Abubardar's currently pending state-court proceedings were initiated in 2011, too late to toll the long-expired limitation period.  See Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (finding § 2244(d)(2) does not allow a petitioner "to revive an expired grace period by . . . filing a . . . motion for a new trial").

Likewise, Abubardar has not demonstrated his case presents the sort of extraordinary circumstances that justify equitably tolling the limitation period.[7]  "A habeas petitioner bears the

---

[5]Abubardar has not claimed, nor do the facts set forth in his petition demonstrate, that the limitation period began any later than April 24, 1996.  He has cited no state-created impediment that prevented timely filing of his petition, no recently recognized constitutional right he seeks to invoke, and no newly discovered facts upon which his claims turn.  See § 2244(d)(1)(B)-(D).

[6]The only filing made during the grace period was a "motion for show cause hearing," the denial of which was not appealed.  Doc. No. 10-1 at 5.  Even if that motion had triggered § 2244(d)(2), it would have resulted in only forty-one days of statutory tolling (i.e., from November 14, 1996 when the motion was filed, through December 25, 1996 when the time for appealing the denial of the motion expired).  Thus, it would not save Abubardar's petition, which is late by more than a decade.
Additionally, as the respondent notes, Abubardar's unresolved 1990 motion to revise and revoke his sentence was not "properly filed," foreclosing any further statutory tolling.  Doc. No. 11 at 5 n.4; see Holmes v. Spencer, 685 F.3d 51, 61 (1st Cir. 2012) (motion to revise and revoke sentence that did not specify grounds on which it was based was not properly filed and did not toll limitation period); Doc. No. 10-6 at 2 (summarily seeking "a lesser sentence" without including an affidavit or any description of the facts or claims forming the basis of the motion).

[7]The respondent incorrectly states that "the Supreme Court has not definitively held that equitable tolling applies to the habeas statute of limitations."  Doc. No. 11 at 6.  In fact, the Supreme Court held precisely that almost three years ago.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) ("[W]e therefore join the Courts of Appeals in holding that § 2244(d) is subject to equitable tolling.").

burden of establishing the basis for equitable tolling." <u>Riva v. Ficco</u>, 615 F.3d 35, 39 (1st Cir.

2010) (citing and discussing <u>Holland</u>).  Abubardar has made no effort to demonstrate "that he has

been pursuing his rights diligently," or "that some extraordinary circumstance stood in his way

and prevented timely filing." <u>Holland</u>, 130 S. Ct. at 2562 (internal quotations omitted); <u>accord</u>

<u>Riva</u>, 615 F.3d at 39.  His petition does not make such a showing – indeed, it does not address

timeliness at all – and he has failed to respond to the motion to dismiss despite the passage of

more than five months since its filing.  Under these circumstances, equitable tolling – which "is

the exception rather than the rule," <u>Delaney v. Matesanz</u>, 264 F.3d 7, 14 (1st Cir. 2001) – is not

warranted.

Accordingly, Abubardar filed his federal petition sixteen years too late, and neither

statutory nor equitable tolling applies here to avoid that conclusion.[8]

III.   <u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend the respondent's motion to dismiss

be ALLOWED and Abubardar's untimely habeas corpus petition be DISMISSED with

prejudice.[9]  I further recommend that there is no probable cause to issue a certificate of

---

[8]The respondent argues Abubardar is not entitled to habeas relief for a second reason – his petition was docketed after his release from custody.  Doc. No. 11 at 3-4.  This argument, however, ignores the "prisoner mailbox rule." <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 109 (1st Cir. 1999) (per curiam) (holding "a pro se prisoner's [habeas petition] is filed on the date that it is deposited in the prison's internal mail-system"); <u>see</u> note 3 <u>supra</u>.  The respondent mentions Abubardar also served a prison sentence related to a separate conviction, Doc. No. 11 at 2 n.2, but the record does not permit the Court to determine whether the sentence at issue here expired when Abubardar was released or sometime before that.  Regardless, the Court need not resolve this question in light of its conclusion regarding timeliness.

[9]The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion

appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

                                              /s/ Leo T. Sorokin
                                              Leo T. Sorokin
                                              Chief U.S. Magistrate Judge

---

of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).